# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 5, 2010

No. 09-60739
Summary Calendar

Lyle W. Cayce
Clerk

SANGERNETTA MASON, A1C

Plaintiff - Appellant

v.

UNITED STATES OF AMERICA

Defendant - Appellee

Appeal from the United States District Court
for the Southern District of Mississippi
No. 1:08CV185-HSO-JMR

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

In this case, we consider whether the district court erred in granting a motion for summary judgment for the defendant in this medical malpractice case, when the plaintiff's expert report failed to establish the necessary elements for a prima facie case of medical negligence. For the following reasons, we affirm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-60739

I.

In October of 2003 and September of 2004, plaintiff's father, Jinkins Mason, Jr., was hospitalized at the Gulf Coast Veterans Health Care System (VA Hospital) in Biloxi, Mississippi. According to the plaintiff, the physicians treating Mason, Jr. negligently failed to monitor the toxic effects of certain medications they had prescribed to him. Mason, Jr. died of liver failure in October of 2004.

Plaintiff Sangernetta Mason brought this action against the United States under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-2680, for the wrongful death of her father. The district court granted summary judgment to the United States, finding that Mason's claims failed as a matter of law because she did not proffer sufficient evidence to establish a prima facie case of medical malpractice. Specifically, the district court examined Mason's expert medical evidence and determined that this evidence did not establish any of the elements of a medical negligence claim as required by Mississippi law.

II.

We review a grant of summary judgment *de novo*, applying the same legal standard used by the district court. *Chacko v. Sabre, Inc.*, 473 F.3d 604, 609 (5th Cir. 2006). Summary judgment is proper when the evidence demonstrates that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c)

In this case, Mason sued the United States for medical negligence under the FTCA. The FTCA permits civil actions for damages against the United States for personal injury or death caused by the negligence of a government employee under circumstances in which a private person would be liable. *Quijano v. United States*, 325 F.3d 564, 567 (5th Cir. 2003). In FTCA cases, the federal courts rely on the substantive law of the state where the alleged wrongful act occurred. *See* 28 U.S.C. § 1346(b)(1); *Johnson v. Sawyer*, 47 F.3d 716, 727

2

No. 09-60739

(5th Cir. 1995) (en banc).  Here, because the alleged medical malpractice occurred in Mississippi, Mississippi law applies.

To present a prima facie case of medical malpractice under Mississippi law, a plaintiff must prove by expert medical testimony: (1) the standard of care; (2) a breach of the standard of care; (3) a causal connection between the breach and the injury; (4) the extent of plaintiff's damages.  *McCaffrey v. Puckett*, 784 So.2d 197, 206 (Miss. 2001). Mason opposed the motion for summary judgment by filing a single medical report by Dr. A. Bari, a physician practicing in Guyana. Dr.  Bari's brief report recounted Mason, Jr.'s past medical history and opined:

> There is no confirmation or serological studies to confirm what type hepatitis had [sic] the deceased suffered from and Biloxi veteran medical center stated clearly on the record they were not able to make a diagnosis.
>
> The medical record stated that the deceased, when he was admitted on14th September, 2004.  Mentioned that he had history of heavy alcohol ingestion in the past, denied using any hepatoxic medication.
>
> From medical record it was evident that the deceased have [sic] used zocor, glipizide and fosinopril which are offending agent [sic] even if they are used separately, and there is high possibility of drug interaction if they are used with other medication.
>
> In my opinion Mr. Jinkins Jr [sic] Mason have [sic] not died from hepatitis as was stipulated on his record but possibly died from severe drug reaction namely simvastatin "Zocor."

Dr. Bari's report fails to establish any of the elements for medical negligence as required under Mississippi law.  As such, the district court did not err in granting the United States's motion for summary judgment. Accordingly, the judgment of the district court is AFFIRMED.